I concur in the main opinion. I write specially only to state an analysis supplemental, but in no way contradictory, to that set out in the part of the main opinion captioned "I. Weighing the Aggravating and Mitigating Circumstances." *Page 1007 
I agree with the conclusion that the "weighing" instruction in this case is distinguishable from the instruction involved in Exparte Bryant, [Ms. 1990901, June 21, 2002] ___ So.2d ___ (Ala. 2002). In Bryant the jury was never instructed that if the aggravating circumstance or circumstances did not outweigh the mitigating circumstance or circumstances, the only punishment the jury could recommend would be life imprisonment without the possibility of parole. Although the judge told the jury preliminarily that "later on" he would explain to the jury that its "consideration" would be whether the aggravating circumstances outweighed the mitigating circumstances, and that the jury's options for recommended punishment would depend on whether the aggravating circumstance or circumstances outweighed the mitigating circumstance or circumstances, the judge failed to do so. Rather, when the time came for the explanations, the judge three times phrased the explanations only in terms of whether the mitigating circumstances outweighed the aggravating circumstances and stated, in effect, that even if the jury found no aggravating circumstance to exist, the jury could still recommend the death penalty.
In contrast, the judge in McNabb's case charged the jury that it would have to find at least one aggravating circumstance to have been proven beyond a reasonable doubt and be "convinced that the aggravating circumstance outweighs the mitigating circumstances," before it could recommend death as the punishment. Conversely, the jury was instructed that if it found "that the mitigating circumstances outweigh any aggravating circumstance or circumstances," it would have to recommend the punishment of life imprisonment without parole. I read the trial judge's instructions, as set out in the main opinion, and under a "plain error" standard of review, to have informed the jury as follows:
1. Only if the aggravating circumstance or circumstancesoutweighed all the mitigating circumstances could the recommended punishment be death;
2. If the mitigating circumstances outweighed the aggravating circumstance or circumstances, then the recommended punishment would have to be life imprisonment without parole; and
3. If the aggravating circumstance or circumstances and the mitigating circumstances were of equal weight, in which case clearly the aggravating circumstance or circumstances could not
be said to outweigh the mitigating circumstances, the recommended punishment likewise would have to be life imprisonment without parole.
It is certainly the better practice for the trial judge to explain explicitly to the jury that if it finds the aggravating circumstances and the mitigating circumstances to be of equal weight and therefore balanced with neither one outweighing the other, then the recommended punishment must be life imprisonment without parole. If a trial judge failed to do so after a properly grounded objection by the defendant, our analysis of the situation would have to take that fact into account. Under the scope of a plain-error standard of review, however, it cannot be said that the instruction given McNabb's jury did not adequately delimit the punishment to be recommended for each of the three possible weighing outcomes. *Page 1008